**SKANGA ENERGY & MARINE LIMITED, Plaintiff–Appellee,**

v.

**PETROLEOS DE VENEZUELA S.A., Defendant–Appellant,**

**Arevenca S.A., Javier Gonzalez Alvarez, Defendants.**

**No. 12–2891–cv.**

United States Court of Appeals, Second Circuit.

April 10, 2013.

Lawrence H. Martin (Ronald E.M. Goodman and Vivek H. Krishnamurthy, on the brief), Foley Hoag LLP, Washington D.C.; Marjorie Berman, Krantz & Berman LLP, New York, NY, on the brief, for Appellant.

Annette G. Hasapidis, Law Offices of Annette G. Hasapidis, South Salem, N.Y.; Olufemi G. Salu, Salu & Salu Law Firm, PLLC, Southaven, MS, on the brief, for Appellee.

PRESENT: BARRINGTON D. PARKER, RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Appellant Petróleos de Venezuela, S.A. ("PDVSA"), a corporation owned by the Venezuelan government, appeals from the District Court's judgment entered June 21, 2012. On appeal, PDVSA argues that the District Court erred in determining that it had subject matter jurisdiction because the "commercial activities exception" to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(2), does not apply. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and de *novo* for

legal conclusions." *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 138 (2d Cir.2001) (quotation marks omitted); *see USAA Cas. Ins. Co. v. Permanent Mission of the Republic of Namibia,* 681 F.3d 103, 107 (2d Cir.2012).

Where a plaintiff seeks to sue a foreign sovereign in the United States under the FSIA, "the plaintiff has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted." *Rogers v. Petroleo Brasileiro, S.A.,* 673 F.3d 131, 136 (2d Cir.2012) (quotation marks omitted).

> [I]n assessing whether a plaintiff has sufficiently alleged or proffered evidence to support jurisdiction under the FSIA, a district court must review the allegations in the complaint, the undisputed facts, if any, placed before it by the parties, and—if the plaintiff comes forward with sufficient evidence to carry its burden of production on this issue—resolve disputed issues of fact, with the defendant foreign sovereign shouldering the burden of persuasion.

*Robinson,* 269 F.3d at 141.

The parties primarily dispute (1) whether an actual authority agency relationship existed between Arevenca S.A. and PDVSA, and (2) whether PDVSA's alleged commercial activities can be said to have caused a direct effect in the United States to satisfy 28 U.S.C. § 1605(a)(2).

 With respect to agency the District Court concluded that the plaintiff-appellee, Skanga Energy & Marine Limited ("Skanga"), "carried its burden of pleading that an agency relationship existed" by providing "circumstantial evidence at the pleading stage to establish a reasonable inference of a PDVSA agency relationship with Arevenca." We agree that

Skanga carried its burden of establishing an agency relationship through its allegations about Enrique Arrundell's statements and activities and the transaction documents—including a bill of lading for the purported diesel shipment—bearing PDVSA's logo. PDVSA, on the other hand, failed to submit *any* evidence indicating that Arevenca lacked authority to act on PDVSA's behalf. As a result, there was no "factual dispute," *Robinson,* 269 F.3d at 141, for the District Court to resolve as to whether an agency relationship existed, *see Virtual Countries, Inc. v. Republic of South Africa,* 300 F.3d 230, 241 (2d Cir.2002). Accordingly, the District Court properly concluded that PDVSA failed to meet its burden of demonstrating that the commercial activities exception does not apply.

For substantially the reasons stated by the District Court in its opinion and order entered June 21, 2012, we also agree that, based on the undisputed allegations in Skanga's complaint, "PDVSA's activities caused a direct effect in the United States."

We have considered PDVSA's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.